WILLIAM F. POTTER, Plaintiff in Error, *vs.* LUKE MARVIN and wife, and DAVID LOWITZ, Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Plaintiff's mortgage was dated prior to that of one Lowitz, although recorded last, both being liens upon the same property. In his Complaint, Plaintiff alleges that his lien was subsequent to that of Lowitz, and that the Lowitz mortgage was given for a valuable consideration. He afterwards claims that under the general prayer for relief, the court should declare his the prior lien, unless Lowitz shows that he was a purchaser in *good faith*, and for a valuable consideration. *Held*, that having admitted in his Complaint that Lowitz held the prior lien, and that the same was given for a valuable consideration, the Court cannot place Plaintiff's lien in a better condition than he has claimed for it.

The Court cannot grant a decree of foreclosure to the owner of a second mortgage, conditioned upon the exercise of the right of redemption by the mortgagor under the first mortgage.

The Defendants, Luke Marvin and wife, executed two mortgages upon the same property, one to the Plaintiff William F. Potter, which was dated November 3, 1857, and recorded December 29, 1857, the other to the Defendant David Lowitz, dated and recorded November 4, 1857. The Plaintiff in his complaint alleges that Lowitz had duly foreclosed his mortgage by advertisement, and bid in the property for $2,946.76, and that at the date of sale there was only due thereon the sum of $2,217.99, and that the expenses of sale were $30.30. That the lien of his (Plaintiff's) mortgage is next in priority after said Lowitz' mortgage, and that he is entitled to the whole of the surplus moneys arising from said sale, amounting to the sum of $698.17, which amount Lowitz refused to pay over, etc. The complaint asks that Lowitz may be decreed to pay the

66

amount of such surplus, and that the same may be a specific lien upon his interest in the property under the foreclosure. Also, that in case the mortgagor shall redeem under the foreclosure of said first mortgage, that then the Plaintiff may have a decree of foreclosure in this action under his mortgage, with sale, etc. A demurrer to the complaint was sustained by the court below, and the Plaintiff reviews by writ of error.

The case (like that of *Banker vs. Brent, ante p.* 421,) involved a re-argument of the main point decided in the case of *Bidwell vs. Whitney, ante p.* 76, and upon the argument it was also claimed on behalf of the Plaintiff in error, that, inasmuch as his mortgage was executed before that of Lowitz, although recorded last, he was entitled to a judgment declaring his lien prior to that of Lowitz, unless the latter is a purchaser in good faith and for a valuable consideration. The complaint states that the Lowitz mortgage was given to secure the payment of a promissory note for $2,100, with quarterly interest at three and a half per cent. per month from date until due, and five per cent. per month after maturity until paid.

Points and authorities of Plaintiff in Error :

The Plaintiff in Error makes the same points to sustain the action for the surplus moneys, as are made in the case of *Banker vs. Brent, ante p.* 421.

Also—That the complaint prays for a foreclosure of the Plaintiff's mortgage in the contingency of a redemption from the previous sale, and is good for that purpose if no other; and that the complaint also contains the general prayer for such other or further relief, etc., and shows that the Plaintiff's mortgage is of date prior to that of the Defendant Lowitz.

Under this general prayer the Plaintiff is entitled to a judgment declaring his lien prior to that of the Defendant Lowitz, unless the latter is a purchaser *in good faith* and for *a valuable consideration* without notice of our prior mortgage which certainly does not appear from the record in this case. *Comp. Stat. p.* 400, *Sec.* 24.

H. R. BIGELOW, Counsel for Plaintiff in Error.

SMITH & GILMAN, and JNO. B. BRISBIN, Counsel for Defendants in Error.

*By the Court*—ATWATER, J. The claim for the alleged surplus on the purchase of the mortgaged premises by Lowitz, is disposed of by the decision of this court in the case of *Whitney vs. Bidwell*, argued at the July Term, 1860, (*ante p.* 76.) The counsel for the Plaintiff in error, however, urges, that as his mortgage is of a date prior to that of the Defendant Lowitz, he is entitled under the general prayer for relief, to a judgment declaring his lien prior to that of the Defendant Lowitz, unless the latter is a purchaser in *good faith* and for a *valuable consideration*. It appears from the complaint that the conveyance to Lowitz was for a valuable consideration, and whether it be necessary for the Defendant, when such fact appears, to assume the burden of proof in showing that it was also in good faith, it is unnecessary in this case to determine, as the Plaintiff not only makes no allegation that the conveyance was not in good faith, but expressly states or admits in the complaint, that the lien of the Plaintiff in error is subsequent to that of the Defendant Lowitz. Under such a showing of the complaint, it will scarcely be seriously urged, that the court should place the lien of the Plaintiff in a better position, than he has himself claimed for it.

The Plaintiff in his prayer for relief asks, that " in case the said Luke Marvin or any other person shall redeem the said premises from said sale within the time allowed by law for such redemption, that then and in such case, the Plaintiff may have the usual decree of a judgment for the sale of the said mortgaged premises under and by virtue of the mortgage herein first set forth," etc. The objection to granting this relief is, that the Plaintiff does not show a state of facts, calling for the interposition of the court in any manner. The relief prayed for is of an equitable nature, but the facts stated in the complaint are insufficient to support the decree demanded. It shows the legal title of the premises in question in Lowitz, with only an equity of redemption in Marvin, and complains of no present injury suffered by the Plaintiff, nor avers any meditated or threatened wrong, or probable ground of possible

injury, for which he asks the protection of the court. "An original bill praying relief is founded upon some right claimed by the party Plaintiff, in opposition to some right claimed, or wrong done by the party Defendant." *Story's Equity Plead.* *Sec.* 23. In the case at bar it does not appear that the Defendants claim any right in opposition to the Plaintiff, or have done or threatened any wrong to his rights or interests. The Plaintiff as second mortgagee, has the right under the statute, of redemption from Lowitz, and thus securing the legal title to the premises. Or if Marvin redeems, the first mortgage is satisfied, leaving that of the Plaintiff the first lien on the premises. But to grant a decree of foreclosure, conditional upon the exercise of the right of redemption by the mortgagor, is a practice which does not seem to be sanctioned by any rule of equity, or any authority which has fallen under our notice.

The judgment below is affirmed.

*Chief Justice Emmett dissents.*